UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SCOTTIE CROSBY,

          Plaintiff,

v.                                                   Case No. 5:06-cv-217-Oc-10GRJ

SUMTER COUNTY, FLORIDA, SUMTER
COUNTY SCHOOL BOARD, SUMTER
COUNTY COMMISSIONERS, CITY OF
WILDWOOD, Mayor or Head Official, STATE
RETIREMENT SYSTEM,

          Defendants.

_____

### REPORT AND RECOMMENDATION[1]

Plaintiff proceeding, *pro se*, has filed an Amended Complaint (Doc. 17), which the Court has reviewed for sufficiency as required by 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court finds that Plaintiff's Amended Complaint fails to state a cause of action and is, therefore, due to be **DISMISSED with prejudice**.

### I. BACKGROUND & FACTS

Plaintiff - who is presently serving a state prison sentence - brings this action against the "Sumter County Florida School Board Department," the "Sumter County Florida Commissioners Department," the "City of Wildwood, Florida Mayor or Head Official Department," and the "State Retirement System Department" purporting to allege claims for violation of Plaintiff's Fourteenth Amendment right to equal treatment

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

and procedural due process and for racial discrimination stemming from the failure of the Defendants to grant life insurance benefits and other unspecified retirement benefits to his now deceased grandmother while she was employed by the Sumter County School Board as a bus driver in the 1970's.

The Plaintiff filed his original complaint in June 2006 with a request to proceed *in forma pauperis*. On November 6, 2006 the Court granted the Plaintiff's request to proceed *in forma pauperis* but only for the limited purpose of reviewing the sufficiency of Plaintiff's Complaint.[2] The Court reviewed Plaintiff's Complaint and found it deficient in a number of respects, all of which were detailed in the Court's Order. (Doc. 10.) Although the Court determined that Plaintiff's Complaint failed to state a cause of action, the Court permitted the Plaintiff to file an amended complaint. Plaintiff has now done so and, therefore, as required the Court will review the sufficiency of Plaintiff's Amended Complaint to determine whether Plaintiff has stated a cause of action and whether this Court has jurisdiction over the claims in this case.

A broad reading of Plaintiff's Amended Complaint, discloses the following pertinent details. Thelma James, Plaintiff's grandmother, was a retired high school bus driver in Sumter County, Florida prior to her death in 1998. According to Plaintiff, at some unspecified time in 1974, there was a school strike in Sumter County, Florida. Plaintiff alleges that "[a]ll of the black bus drivers parked their school bus, and began to picket, against issues on the new retirement program" because the "black employees on

---

[2] As part of the Court's review of the sufficiency of Plaintiff's complaint the Court also considered additional documents, filed by Plaintiff, including three "supplements" to the Complaint (Docs. 6, 7, & 9) and a motion for distribution, filed by Plaintiff. (Doc. 8.)

2

certain issues did not feel as though they were receiving fair treatment." Plaintiff alleges that Ms. James, "was the only black employee, in the Wildwood, Florida area that continued to work during the strike."[3] Plaintiff further alleges that the "School Board Department, County Commissioners Department and Mayor or Head Official Department of City of Wildwood, Florida agreed to insure the bus drivers/mechanics" that remained working during the strike "to keep the school bus operational."[4]

Plaintiff alleges that a life insurance policy through Globe Life Accident Insurance Company, was offered to the first "one thousand members to sign up in Sumter County District." Plaintiff alleges that Ms. James received a policy in her name and the name of Albert James, both of whom are now deceased. Plaintiff also alleges that Ms. James was permitted to add two additional family members as beneficiaries, one of whom is the Plaintiff, Scottie Crosby.

Subsequent to the death of Ms. James on October 26, 1998,[5] Plaintiff alleges that Globe Life Accident Insurance Company denied the insurance benefits on the grounds that Ms. James was not insured at the time of her death. As disclosed by a letter dated September 8, 2003 form the State of Florida Department of Financial Services (a copy of which is attached to Plaintiff's Complaint) addressed to the Plaintiff the Department of Financial Services advised Plaintiff that it had been notified by Sumter County Schools and the State Retirement System that no benefits would be

---

[3] Doc. 17, ¶¶ 8-12.

[4] Id. at ¶¶ 16-17.

[5] Mrs. James' death is disclosed on the Certificate of Death attached to Plaintiff's original Complaint. (Doc. 1.)

payable because neither organization was deducting for any life insurance on Thelma James at the time of her death. Plaintiff claims that the Defendants (Sumter County School Board, Sumter County Commissioners and City of Wildwood Mayor) were responsible in some unspecified way for the failure to either obtain or adequately maintain the life insurance and retirement benefits for Ms. James. Plaintiff demands damages against each Defendant for one million dollars, plus court costs and attorney's fees.

## II. DISCUSSION

Pursuant to 28 U.S.C. §1915(e)(2), a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.[6] Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.[7]

Here, even viewing the Amended Complaint in the light most favorable to Plaintiff the Court concludes that the action is due to be dismissed for several reasons.

Although the Plaintiff does not mention 42 U.S.C. §1983 in his Amended Complaint, the claims must be analyzed under §1983 because §1983 is the exclusive federal damages remedy for claims alleging a violation of federal or constitutional rights

---

[6] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[7] Tigner v. Internal Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

against state actors.[8]  While there are a number of substantive shortcomings with Plaintiff's claims for violation of equal protection and due process that are too numerous to address, the one critical flaw with Plaintiff's Amended Complaint which requires dismissal - even assuming Plaintiff could allege valid civil rights claims - is that Plaintiff does not, and cannot, establish standing or capacity to bring these claims on behalf of his deceased grandmother.

The civil rights claims in this case all focus upon and relate to the treatment of Plaintiff's grandmother while she was an employee and school bus driver for the Sumter County School Board. Civil rights claims, such as these, are personal claims of the Plaintiff's grandmother in view of the fact that it was Ms. James, who was the party injured by the alleged racial discrimination and it was Mrs. James who allegedly was not treated equally by the Sumter County School Board.[9]  Consequently, because the claims in this case are considered personal claims of Ms. James, the Court must determine whether the claims survive upon the death of Ms. James and if so, who has the capacity to prosecute the claims.

The answer to the question begins with 42 U.S.C. § 1988, which governs civil rights claims brought under § 1983.[10]  In pertinent part 42 U.S.C. §1988 provides that when certain areas of federal law are "deficient" with regard to "suitable remedies" in

---

[8] Vason v. City of Montgomery, 240 F.3d 905 (11th Cir. 2001); Butts v. County of Volusia, 222 F.3d 891, 892 (11th Cir. 2000); St. Louis v. Sands, 401 F.Supp.2d 1351 (S.D.Fla. 2005).

[9] *See,* Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir. 1984)("The §1983 cause of action, by virtue of the explicit language of the section itself, is a personal action cognizable only by the party whose civil rights have been violated.").

[10] Robertson v. Wegmann, 436 U.S. 584 (1978).

federal civil rights actions, federal courts are to be governed by "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of [the] civil... cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States."[11] One area not addressed by federal law is "the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant."[12] Accordingly, state law is the "principal reference point in determining survival of civil rights actions,"[13] which in this case, means the laws of the state of Florida.

Turning to the applicable Florida law, Florida statute §46.021 addresses the issue of the survival of actions after the death of a party. This statute provides in relevant part that "[A]ll causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law."[14] Florida law further provides that if a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, the action "may be commenced by that person's personal representative."[15] Therefore, even assuming the statute of limitations has not expired (which it may have because Ms. James died in 1998) and even assuming that Mrs. James could state valid equal protection and due

---

[11] 42 U.S.C. § 1988. (2007).

[12] Robertson, 436 U.S. 584 at 588.

[13] *Id.*

[14] Fla. Stat. § 46.021 (2007).

[15] Fla. Stat. § 733.798 (2007).

process claims, the proper person to bring such claims is the personal representative, who is the individual "prescribed by law" to bring survivorship claims.

Plaintiff has failed to allege or establish that he is the personal representative of the estate of Ms. James and, accordingly, the Plaintiff does not have standing to bring the claims in this case and does not have the requisite capacity to file suit to prosecute claims alleging the violation of Ms. James' civil rights.

This critical flaw is not merely procedural - so that Plaintiff can simply cure the defect by amendment - but rather is a matter of substantive Florida law. Under Florida law the Plaintiff cannot prosecute the personal claims of his grandmother against these Defendants because Florida law expressly prohibits convicted felons from serving as personal representatives of an estate.[16] Admittedly, the Plaintiff is serving a state prison sentence in view of the fact that he lists "River Junction Work Camp" as his place of confinement on the first page of his Amended Complaint. Further, as confirmed by the public records of the Florida Department of Corrections, Plaintiff is a convicted felon, presently serving a state prison sentence for cocaine possession.[17]

Accordingly, because the Plaintiff is a convicted felon the Plaintiff does not have the legal capacity to bring the claims alleged in this case. And because the defect is not curable by amendment the Amended Complaint in this case must be dismissed with prejudice.

---

[16] Fla. Stat. § 733.303 (1997).

[17] Electronic Records of the Florida Department of Corrections, DC Number 765423. Http://www.dc.state.fl.us/ActiveInmates.

Moreover, even if the Plaintiff's claims in this case were characterized as contract claims brought by a third party beneficiary - and not as civil rights claims - Plaintiff's Amended Complaint is still due to be dismissed for at least two reasons.

First, where an action, as here, is based upon the alleged wrongs of the insurer or of those involved in obtaining and maintaining life insurance, actions for damages based upon that wrongful conduct should be brought by the personal representative and not by the intended beneficiary listed in the application.[18]

Secondly, and more fundamentally, even if the Plaintiff could state a cause of action for breach of contract as a third party beneficiary of Ms. James' life insurance policy, this Court does not have subject matter jurisdiction over claims where there is not complete diversity of citizenship among the parties.[19]  Each of the Defendants named by Plaintiff as a defendant in this case, is a governmental entity or a governmental official located in the State of Florida.[20]

Accordingly, because Plaintiff is a Florida citizen and the Defendants are all located in Florida there is a complete lack of diversity, and, therefore, the Court does not have subject matter jurisdiction over any claims for damages against the named Defendants that the Plaintiff may have as a third party beneficiary of Ms. James' policies.

---

[18] Rosin v. Peninsular Life Insurance Company, 116 So.2d 798, 803 (Fla. Dist. Ct. App. 1960).

[19] 28 U.S.C. §1332(a)(1).

[20] With regard to the "State Retirement System Department" to the extent it is a State of Florida governmental agency it would be immune from suit for damages in federal court under the Eleventh Amendment of the U.S. Constitution.

## III. **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the Plaintiff's Amended Complaint should be **DISMISSED with prejudice** and the clerk should be directed to enter judgment, terminate any pending motions and close the file.

**IN CHAMBERS** in Ocala, Florida, on August 16, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:
　　The Honorable Wm. Terrell Hodges
　　Senior United States District Judge

　　*Pro Se* Plaintiff